WILLIAM H. KNAUSS, appellant,

v.

FRANCES R. JONES, respondent.

1. An order made in the progress of the cause, finding a party in contempt, and compelling him to give a bond securing the return of certain moneys received by him, such bond having been given, is not appealable.

2. The case of *Coryell* v. *Holcombe*, 1 *Stock.* 650, followed.

On appeal from a decree of the vice-chancellor, reported in *Jones* v. *Knauss*, 4 *Stew.* 609.

*Mr. John A. Cobb*, for appellant.

*Mr. Frederick H. Pilch*, for respondent.

*Mr. Frederick H. Pilch*, counsel of respondent, on the argument of the first appeal in this case:

I. Husband may make a voluntary conveyance or gift to the wife during coverture, which equity will support; and such gift becomes her separate estate and vested in her. *2 Story's Eq. Jur.* § *1380, 1381 ; 2 Kent. Com. 163 ; Smith's Manual of Eq. 447, 448; Id. 451 ; 7 U. S. Dig.* § *2016,* and cases cited; *Skillman* v. *Skillman, 2 Beas. 403; Dilts* v. *Stevenson, 2 C. E. Gr. 407 ; Peterson* v. *Mulford, 7 Vr. 481; Beal's Ex'r* v. *Storm, 11 C. E. Gr. 372 ; Carpenter* v. *Carpenter's Ex'r, 12 C. E. Gr. 502 ; Rev., tit. Married Women, p. 636* §§ *3, 5, 8, 11 ; Trenton Banking Co.* v. *Woodruff, 1 Gr. Ch. 117.*

II. He may make a binding contract with her through the intervention of one or more trustees. *1 Fonbl. Eq. (3d*

NOTE.—No brief on the part of the appellant in this case was furnished the reporter.—REP.

*ed.) 102 ; 2 Story's Eq. Jur. § 1380 ; 2 Kent Com. 129 ; Dilts v. Stevenson, 2 C. E. Gr. 407 ; P. L. 1874 p. 15.*

III. Proceeds of sale by married women of contingent dower, regarded in equity as separate estate. *Beal's Ex'r v. Storm, 11 C. E. Gr. 372.*

IV. *Feme covert* has capacity to make all contracts necessary and convenient to her as owner of goods and lands. *Leaycraft v. Hedden, 3 Gr. 512 ; Green v. Pallas, 1 Beas. 267 ; Oakley v. Pound, 1 McCart. 178 ; Johnson v. Vail, Id. 423 ; Johnson v. Cummins, 1 C. E. Gr. 97 ; Perkins v. Elliott, 8 C. E. Gr. 526 ; Huyler's Ex'r v. Atwood, 11 C. E. Gr. 504 ; Eckert v. Reuter, 4 Vr. 266 ; Peterson v. Mulford, 7 Vr. 481 ; Merrit ads. Day, 9 Vr. 32 ; P. L. 1874 p. 15 ; Rev., tit. Married Women, §§ 5, 8, 11.*

V. Right of husband to wife's choses in action extinguished by act of 1852. *Vreeland v. Vreeland, 1 C. E. Gr. 512 ; Henry's Ex'r ads. Dilly, 1 Dutch. 302.*

VI. Divorce *a vinculo* does not affect vested interests; it only touches inchoate rights, viz., dower, curtesy, choses in action. *Calame v. Calame, 10 C. E. Gr. 548 ; See v. Zabriskie, 1 Stew. 426, note 4 and cases cited ; Bouvier's Dict. (14th ed.) tit. Divorce, p. 495 § 7 ; Bishop on Marr. and Divorce, §§ 668, 669 ; Schouler's Domestic Relations (2d ed.) 290, 300.*

VII. Trustee has no power to take trust property or consideration therefor in his individual capacity, nor to change the character of the trust fund, without clearly expressed authority; and if he conveys the estate to another, who has notice, expressed or implied, the purchaser becomes a trustee, and *cestui que trust* may follow corpus. *Perry on Trusts, p. 762 § 828 ; Abbott's U. S. Dig. for 1875, p. 781 § 44, p. 782 § 57, p. 783 § 71, p. 785 § 99 ; Trenton Banking Co. v. Woodruff, 1 Gr. Ch. 117 ; Quick v. Fisher, 1 Stock. 802 ; Gale v. Morris, 2 Stew. 222.*

On the second appeal:

I. No mere technicality or subterfuge will excuse the violation of an injunction. *Quackenbush v. Van Riper, 2 Gr.*

Knauss *v.* Jones.

*Ch. 350; Richards* v. *West, Id. 456; Endicott* v. *Mathis, 1 Stock. 110; Holcomb* v. *Coryell, 3 Stock. 549; Haring* v. *Kauffman, 2 Beas. 397; Fitzgerald* v. *Christl, 5 C. E. Gr. 90; McKillop* v. *Taylor, 10 C. E. Gr. 139; Thropp* v. *Field, Id. 166; Jewett* v. *Bowman, 12 C. E. Gr. 171; Morris* v. *Hill, 1 Stew. 33; State, Chambers pros.* v. *Dwyer, 12 Vr. 95; Kerr on Injunctions 627, § 5.*

II. The court will not interfere with the report of a master upon a question of fact submitted to him, depending upon the credibility of witnesses, unless the error of the master is satisfactorily and clearly made to appear. *Sinnickson* v. *Bruere's Adm'rs, 1 Stock. 659.*

III. To warrant a reversal upon appeal from chancery, some definite rule of law or equity must appear to have been violated. *Garr* v. *Hill, 1 Hal. Ch. 639; Fleischmann* v. *Young, 1 Stock. 620–623; Att'y-Gen.* v. *Paterson, 1 Stock. 625.*

IV. It is respectfully suggested that this appeal is improvidently taken, as an order adjudging a defendant guilty of contempt in violating an injunction, is an order resting in the discretion of the chancellor, and not appealable. *Morgan* v. *Rose, 7 C. E. Gr. 583, 593; Den d. Rutherford* v. *Fen, 1 Zab. 700, 702; Eames* v. *Stiles, 2 Vr. 490; Kerrigan's Case, 4 Vr. 344; Clark ads. Grant, 9 Vr. 258; Cooley on Torts 424; Bouvier's Dictionary, tit. Contempt, § 4.*

The opinion of the court was delivered by

BEASLEY, C. J.

This controversy comes before the court in a double aspect. There are two appeals, one from the final decree and the other from an interlocutory order.

I shall dispose of the former of these appeals with the remark that, in my opinion, the decree embraced in it should be affirmed, and that the reasons which have influenced me in arriving at that result, are those so clearly expressed by the vice-chancellor in his opinion.

With respect to the interlocutory order, I think that appeal should be dismissed, on the ground that the order in question is not subject to an appeal. The proceeding to which it appertained was this : At the inception of the suit an injunction had been issued, forbidding the appellant from collecting or receiving any part of the money secured by a certain mortgage that formed the subject of the suit, and it being alleged that this injunction had been disobeyed by the appellant, and a petition being filed containing such an accusation, and the appellant having presented, by way of reply, his own affidavit and the affidavits of other persons, and the matter having been formally heard, the appellant was found to be in contempt by reason of his disobedience to such injunction, inasmuch as it appeared that he had received a certain sum of money in part payment of the before-mentioned bond and mortgage. The order of the vice-chancellor was, that he should give a well-secured bond to refund such moneys in the event of the final success of the complainant in this suit, and that the question of what punishment should be inflicted for the contempt in question should stand over till the making of the final decree. It is this order which has been appealed from, and, to show that it is not the subject of appeal, it is necessary only to refer to the case of *Coryell* v. *Holcombe, 1 Stock. 650.*

The latter appeal should be dismissed.

Appeal unanimously dismissed.